and move on to the next one calendar which is Metcalf hold on one second counsel we got some people moving around there morning your honor may it please the court Russ Hart myself and could you raise the microphone slightly it's a little there you go thank you your honor myself Edward Warner and the federal defenders of Montana represent the defendant appellant Gabriel Metcalf in this case your honor when we step back in this case big picture the gun-free school zones act tells Gabriel Metcalf you can't have a firearm if you're within a thousand feet of a school it says you can have one if you're on private property mr. Metcalf lives within a thousand feet of a school he has this dispute with his neighbor and he begins carrying a gun on his property and we get 9-1-1 calls saying there's a gentleman near the school on his property with firearm the law also tells mr. Metcalf there's an exception if he has a license issued from the state in which he resides in which the school is is located Montana passes a that says if you do not have a violent felony and you're not prohibited under the Constitution you have a license mr. Metcalf looking at the law really could not have had any reason to think he'd be prosecuted for what he did in this case it was only the case the the law of this case that told him his license was invalid and we look at the Tate decision this is an issue where the federal government the Congress put this directly to the states to implement a licensing procedure to to grant licenses the Congress at the time this was passed had representatives from Montana in it I think it was it was known to those people that a law like this was likely and then so let me jump in here because there's reviewing this case Matt spent a lot of time this case I think we all have there's a Supreme Court case in 2019 Rahaf which had to do with whether someone who was in the United States well on an expired visa could have a firearm and the Supreme Court said that in that case Rahaf had to know that he was eligible to have a firearm before he could be prosecuted under the 922 offense I'm wondering in this case if there isn't a similar problem for the government in that here's the case where he the question of whether or not he's eligible to have the gun is a legal one because he had a license under Montana he talked to local authorities they said he could have it and then a court after the fact determined that he could not I was curious in the way this case was framed in the trial court was this issue a Rahaf type issue and like a knowledge like he has to know he's in violation of the law did that ever come up at all is that ever briefed or argued never briefed or argued your honor was considered the motion was not filed I view that as a trial issue and we ended up settling this the morning before trial right we the the mens rea element of this it was not raised in the district court it's not raised in this briefing and really when the district court issued its order I mean that is that is when that issue really arose in my mind and possibly should have been the subject of further briefing and given the district court and this court a narrower path to to relief from mr. Metcalf now under the plea agreement in this case could that argument have been made the one I don't want I just threw out there under the under the plea agreement in this case is that within the the narrow waiver well I guess the waiver carved out and it allowed mr. Metcalf and your honor I didn't speak earlier I'd ask to reserve five minutes sure sure sure rebuttal mr. Metcalf he was allowed to appeal the denial of his motion to dismiss the indictment that was not addressed in that motion but I do think that and if the court would like further briefing on this I'd be happy to happy to submit it that issue did arise as a result in my mind of the judge's ruling of judge waters ruling on on that licensure issue and keep going with the argument it's just something that's troubled me about this case yes and I did you know I view this more as a licensure issue mental state issue than a Second Amendment case I think that there are narrower grounds to decide this case on then the Second Amendment and Bruin you know that the licensing issue in this case here are there there is one case on point USB Tate out of the 11th Circuit and I think the the court's appetite in that case was not it really did not want to step in and tell I believe was Alabama that their their licensing scheme was was invalid and when we look at that you know the licensing statute in Alabama it actually has a proper cause type element it has a I think you have to show good cause that you are you're in fear for your safety to get a license to carry a gun in the school zone Alabama I this is pre Bruin I'm not I'm not sure that that would you know that that may be too restrictive now given a little bit of time but mr. Metcalf I think a very interesting thing about this case to me your honor is just how unrelated the school was to what was going on here in mr. Metcalf's mind for sure this this is it's a little bit silly your honor we have a 50 year old man who has a 25 year old neighbor that is picking on him that is what got us here and what he did was arm himself which the Second Amendment Bruin the Supreme Court has told him is his right he armed himself with the only firearm he had it wasn't one that he could conceal it was something that was conspicuous when he carried it yes your honor yeah I just procedurally this is this is a conditional guilty plea yes your honor so what was the what was the did you what was the issue that you conditioned the guilty plea on precisely it was on the denial of mr. Metcalf's motion to dismiss his indictment by the district court okay it was just the overall appeal of that denial yes and that that motion dealt with the license and with the Second Amendment arguments okay so mr. Metcalf I mean he's been assaulted by this gentleman he has had serious things happen they didn't happen on his property that happened in the alley as the pre-sentence investigation report in this case details the way this law is being applied mr. Metcalf could not leave his his private property and that the law says private property not just his private property mr. Metcalf conceivably could have trespassed and not gotten onto the sidewalk in this case and he wouldn't have he wouldn't have violated the law it was only when he stepped onto the sidewalk that the government argues that he violated the law and that was a theory that was put forward for the first time I would suggest in this case and we would look at the Wolfer decision the Wolfer decision found that the default rule being flipped did not violate the Second Amendment because those plaintiffs could still carry on public streets and sidewalks it in this case the public street and sidewalk becomes the school zone when mr. Metcalf steps onto it and we look at Heller when we look at Bruin Heller the Supreme Court determined that a individual has a right to possess a firearm in their home unconnected to service in the militia for self-defense at issue in that partially was a law that said firearms stored in the home need to be unloaded rendered inoperable stored in a case what have you Bruin comes along and says that right exists outside the home what the government has argued is that mr. Metcalf a could have gotten a license I would submit that he did it's the only license available to him to carry this weapon and it was declared invalid they also argue that this is more of a transitory storage requirement when he leaves his property all he needs to do is lock it up and he can leave the problem is in Heller the Supreme Court said that is an act of disarmament that cannot happen inside the home in Bruin the Supreme Court said that right exists outside the home is it correct to say that your license is invalid I suppose it wouldn't your honor I believe what judge waters held was that he had a valid Montana license it was not sufficient to invoke qualify right let him patrol up and down the street and across from the school yes your honor I guess what I am saying is that the law in Montana directly on point for the gun-free schools on act was held not to afford him protection I shouldn't have said it was invalid thank you your honor I see that I'm I'm I'm at my five minutes here I'd like to reserve the remainder for rebuttal thank you I did have one question for you is mr. Metcalf in custody right now mr. Metcalf is not in custody he received a sense of probation in August of last year was that assault charge has that been dismissed I believe it's been disposed of I don't I don't know the okay thank you thank you may it please the court good morning my name is Thomas Godfrey with the District of Montana for the United States looking at this case I want to start by addressing what the court raised in terms of the men mens rea requirement under rehab there is a mens rea requirement in 922 q2 a and that is that he knows that he's in a school zone much like in you know how rehab has been held to 922 g1 someone who's a felon they have to know that they have the prior felony conviction they don't have to know that them having a prior felony conviction is what makes them in violation of the law they have to know about the requirement so there was a mens rea requirement here and to plead guilty he had to admit he knew he was in a school zone the issue in this case was that mr. Metcalf did not believe that that law was constitutional he told that to law enforcement he'd been told he was in violation of federal law and was asked to stop and he refused to stop and stated the law was unconstitutional looking at as applied to the facts in this case mr. Metcalf went beyond someone who was just on their own private property or transitorily going through a school zone he was daily repeatedly patrolling in the street on a crosswalk directly across from the school that students used to go to the school the sidewalks he would stand in the street staring at the elementary school holding a firearm staring into traffic and staring at the school that's beyond you know these examples of someone who you know as far away can't see the school just an innocent you know homeowner trying to protect themselves with a firearm what we're looking at these cases the constitution is applied to these facts and so I think it's important to note that mr. Metcalf in these facts was physically in the street in the crosswalk patrolling repeatedly with a gun and exhibiting other concerning behaviors such as you know searching his property for landmines just behaving extreme paranoid ways I mean look I wouldn't want this guy across from school either I understand why the police intervened I why I understand my enforcement intervene that being said under Montana law he is licensed to have that firearm in under month there sorry so on the side so let's start there because I think I think we don't even get to the Second Amendment Bruin question if unless you prevail on this question first let's let's start with that sure your honor 922 q2 b2 does have a exemption where a state can create an exemption where someone can get licensed to possess a firearm in a school zone and be exempt from the federal statute now that exemption requires that before someone is licensed by the state so before they're licensed they the law enforcement's of the authorities of the state verify that the person is qualified under law to receive the license so the Montana statute says everyone in Montana is licensed to carry a firearm pursuant to the the gun-free school zone act except for individuals who have prior violent felony offenses and individuals who are not qualified to possess a firearm under the Montana Constitution but there is no prior long for enforcement verification at all which is a specific requirement under the federal statute so Montana sets up essentially what would be a framework to license someone here are the people that we would not want licensed under Montana law to be in a school zone but does not require the prior law enforcement verification which is necessary and that's very different from Tate because in Tate in Alabama the issue was whether the sheriff had to run a background check or some sort of you know what the verification needed to be by prior law enforcement but Tate had you had to go to the sheriff to be licensed and the sheriff had determined you were qualified so that tracks the federal statute you're you're interpreting verify here is sort of confirm after the fact is that because you know verify can mean that but I think even in Judge Waters decision that the the dictionary definition if I believe it's Judge Waters decision had the word like assert like this that's another type of verification would be to assert the you you acknowledge that that verification can mean confirming something out of the fact but it can also mean verify something can mean asserting that something is the case I wouldn't disagree with that but I'd note that the federal statute requires before the licensure so I don't think that I'm just trying to narrow down what where your argument is I'm not sure that you're much of your argument depends much on verify because of the fact that they call it ambiguity or the breadth of what verify but you're really relying on the fact that has to be before so that time and you're relying on law enforcement those two things is am I correct in that well I would also argue that Montana didn't verify under its own statute that he was in compliance because there was no check that he was a prior well no but if it just means to assert that something is the case and if you're asserting that let's just use that you're not a you don't have any non anybody that doesn't have any non-violent felonies is has a license then you'd be in you'd be verifying that the the state would be verifying that you have this license they'd be asserting that you have your license if you use the word assert as a synonym I think it would be more interesting in that circumstance if it was no prior violent felonies in Montana right because then Montana would have its own record but it's no prior violent felonies that the problem is is you are you're smuggling back in the idea of verifying as confirming but I'm saying verifying can mean to just assert like I say you know you are something and I'm just asserting it right I'm not not verifying it I'm not confirming it in that sense and then in the confirming sense of verifying but I would be asserting it the same way that a state would say the same way that like a that a court could say you're a member of a bar there's they're just asserting that you're but you could call that verifying within that well I think under the federal statute requires that you when you read actually what the federal statute has prior to the license being granted law enforcement authorities verify I think it very clearly just states that law enforcement authorities have to do something right you're insisting that the very well right whatever law enforcement authorities is they have to do something but that something could be asserting I think it's kind of in that sense your argument it's not that different than Alabama's Alabama's like they're not really doing anything the sheriff's not doing anything you supposed to be doing a background check supposed to the sheriff is just basically asserting after the fact that's kind of what their argument was no I think it's very different because the in terms of what the state has to do to verify someone that's left up to the states so Montana has you know a category of people that aren't allowed to be licensed to possess a firearm in a school zone the prior violent felons and under the Montana Constitution you know I think it would be more interesting if Montana didn't have that category if Montana had said that everyone in Montana is licensed to possess a firearm you're saying what you're just saying right now is that Montana has asserted the legislature has asserted that certain categories of people are licensed in certain categories people are not but that seems to me to fall within the meaning of verify if you understand verifying as including the possibility of meaning assert is it so I'm trying to figure out why you're saying that verify doesn't would not encompass that sort of why because I think they have to verify prior to them issuing the license and Montana licenses you know just every verify prior to verify prior to the license that's what the federal statute requires so that so then that takes me back to what you're relying on you know there's three different things you could be relying on that this is not verifying this is not before the timeliness aspect and the before thing as a side obviously if verify is within the words and in the conduct because the legislature so I don't know where before does very much for you it seems to me that your strongest and best argument is law enforcement that the legislature is not a law enforcement authority I disagree with that my argument is that I think as an example if the legislature said here's the categories of people who can't be licensed to drive you know people with various prior convictions you know for reckless driving or drugs or alcohol or the like and said everyone is licensed to drive but then also said before someone can get that license we have to verify that they're qualified under law because that's important to the prior verification is they're qualified only just use that last verification was to confirm verify that but but take that out of your mind for a second are you just disagreeing that verify cannot cannot mean to assert something or do you agree that that verify can mean to assert something I don't think verify as it's used here in the federal statute can just mean you can say everyone's licensed except these people and it means to require so that that is so you're saying okay that's that's actually important and if it did mean that do you acknowledge that so if it verified does mean to assert so you're saying maybe it can mean to assert but in this context it doesn't mean to assert that that seems to be your argument I would be honest with your honor I'm not entirely sure what you know I think we may be talking about two different things I think that you just reading the federal statute you know in reading the Montana statute which sets up a framework for who can be licensed but doesn't require prior law enforcement verification there is no check in this Montana statute there's no verification at all that someone is not well not that you say that because you know all the legislators that voted on that like literally the law says we are we pass this law to comply with the verification requirements so so obviously a bunch of people in Montana the lawmakers in Montana thought that verification could mean something other than the way that you're using verification and I understand that you may be saying well they were just wrong about that but it seems to I'm trying to figure out are you is your argument at a really high level that verification just can't mean assert or is your argument at a more more granular level well verification can but here it doesn't mean to assert well I think well I mean federal law it governs how we interpret federal statute there's no definition of verify you and you acknowledge that right I mean there's no definition in the statute of verify here there's not but I think when you read the statute saying that prior to the license prior to an individual obtaining a license the law enforcement authorities have to do something verify you could say prior to you getting to practice law in Montana or Nevada or pick your state the bar has to verify that you are a member of and that could mean two different things it could mean that the bar would go through and confirm that you are a member of the bar but it might also mean as I understand it that the bar could assert that you're because that's what the bar does it's the one who decides whether or not and in both those meanings fall within the meaning of verify is my understanding but I think if the bar had a category of things that would exclude you such as I'm you know I prior convictions or prior ethical problems and they there's no and they're saying that that's verifying that the the prior verification requires the action and in this case it's even more removed from that because it would be in using your bar example the bar has some sort of investigative authority so if you if if the bar had different categories and some of those excluded you the bar would be verifying that you fell within in the sense of us asserting but if you you know we could you could have both kinds of verification after the fact you could say well is he actually a member of the bar because we think he has a felony in the in the bar could be go and confirm right so it seems to me like part of the challenge that we're having here is that when I'm using the word where I'm saying well could use mean both and every time every example you're giving me of no it can't you're falling back on the confirmed type of verification so I'm trying to like are you your position must be I assume that verification cannot mean assert and I'm not sure why but I think it's either it's either the context or it must be the context that you're saying that the statute requires that law enforcement authorities verify prior to a license being obtained Montana law doesn't require that at all it takes that element that aspect of the exemption entirely out of it that's that's the reason why the district court found that that licensure doesn't comply with 922 QB to because there's just no law enforcement involvement whatever and it has created categories that take people out of it so absent that and again as I said federal law determines interpretation of federal statute Montana you know essentially takes that provision out of it but by that same token they can't then license people under the 922 Q to be to exception it just so let me jump in here because let's say and again this is really splitting hairs but this is a criminal case so let's say I agree with your reading of the statute let's say I think your reading of the Montana statute is better than what mr. Metcalf is reading but this is a criminal case and if it's really close and we have you know certain axioms about constitutional avoidance we have certain axioms about which we don't invoke very frequently but why isn't this one of those cases where we have a situation where a guy and look like I said that weird lawnmower thing he had with the gun I don't like that I don't like that being near a school I don't like that one not near my house either but the state of the legislature Montana has said he can have a gun the police said he could have a gun in a criminal case isn't that a problem well I think one I mean this this is a federal statute so whether he was in violation of Montana or law law or not is irrelevant in this case well but it's not totally around sorry go ahead judge Roder well if I understand your position that the statute says that there has to be a verification before there is issuance of a license and in I may not understand how this works so help me in Montana they don't do anything before issuing a license is that correct they don't they don't they don't there isn't a physical license or a licensure order you don't go to law enforcement there's nothing they just say everyone's licensed except for these people it's it's really a back there is not at all Montana just essentially tries to exempt Montana from that statute but then also which is problematic creates categories where people can't be exempted from that statute so really how this works in Montana is if you're found in you know a school zone with a firearm and then they then later determine that you have these violent prior felonies you'd be in violation so it's back end rather than prior which is the issue but talking about I completely understand constitutional avoidance and the importance of that but I don't think the court can do that in this case without entirely writing out that section of the 922 except exemption which requires that prior law enforcement verifications as the as the district court stated Montana just can't on its own say a statute its own statute is in compliance and federal with federal law when it doesn't comport with the specific requirements of that federal law there's just no circumstance where what Montana did here with the licensure requirements meets that requirement of prior law enforcement verification they attempt to just they essentially just exempt Montana from this entire statute let's say I agree with you on that but again the inquiry I think as I see the inquiry the inquiry is there's that there's like a civil review of the law which you've just done and let's say I think you're right about that but then you have to move this to a criminal case and the question is is that the defendant have fair notice that this would actually that's what Lenity's really about it's about fair notice so you got to jump over to that side it's not purely a clinical reading of the law like a law school exam it's in the mind of this defendant why wouldn't we read the law in a way that would favor him in light of the kind of unusual circumstances in this case I'm out of time well I think the reason the court should apply the law as I'm arguing is that is what the federal law requires and there's just no way to bend federal law to comport with Montana's licensure requirement being in it to in terms of the mens rea requirement he has to know he's in a school zone that is the mens rea requirement I'd note also that issue is not before this court that issue wasn't raised at the lower court level and he didn't reserve that but in terms of that there is a mens rea requirement here and two in terms of like the fairness and someone saying they're licensed I mean mr. Metcalf never raised this with police Montana's exemption just exempts everyone there's no license he didn't go in get anything like that he never said he was licensed to police he said the the gun-free school zone statute is unconstitutional I mean he lived across the street from the school for one thing one kind of any concern there if you're mr. Metcalf and I I understand that this is not in your most sympathetic person you are but he does have local police officers that keep coming to him because he gets phone calls and those police officers just leave and basically don't do anything about it so if you're mr. Metcalf and you're not you know you you you it would not be too surprising to take away from that that oh I what I'm doing does not actually violate law now we all understand there's federal law under state law etc but but I could understand where somebody would come to the wrong conclusion there may I answer your question well I think the facts show that that wasn't the case he was told repeatedly by law enforcement he couldn't do this like this assertion that he was told he could do this by the state is wrong he was told repeatedly by the state he couldn't do it under federal law and they were calling the ATF and then even when he was told he was invited called the ATF I'm sorry I thought he called the ATF or he called no no well he called the FBI at the same time as like Billings police was calling the ATF and saying you know he's saying he's not gonna stop and then Billings a Billings task force officer with the ATF and the ATF came out and talked to him he was calling the FBI because he thought Billings police were harassing me you're kind of being in flight I mean to to judge Owens point a guy who thinks your your voice oh it's obviously clear to him that what he was doing was illegal but a guy who thinks he's breaking federal law doesn't usually call the FBI to say hey let me tell you what I'm doing so you can stop these people from I it doesn't look on the entire record there's a lot of mental health issues here as I noted in my in my response you know he had extreme paranoia he was he essentially failed out of his mental health counseling you have a guy with extreme paranoia calling the FBI to again it just doesn't fit with the idea that this that this fella knew necessarily knew which I understand to be your argument against the rule limiting constitutional avoidance at least a rule entity well in as far as he was behaving irrationally he also told law enforcement that you know he knew he was in a school zone he just thought this was all unconstitutional I want to speak really briefly about the history of the case here this case went to a trial March 25th the last year the government had had some motions that brought before the court concerning the licensure issue licensure issue and and Mr. Metcalfe's previous interactions with law enforcement and Mr. Metcalfe as the court discussed with Mr. Godfrey several times was confronted by Billings police he's often told you weren't doing anything illegal it was on the front page of the Billings Gazette the day Mr. Metcalfe was arrested a statement from a lieutenant with the Billings Police Department saying he's not doing anything illegal we are going to talk to our partners in the federal law those are the messages that Mr. Metcalfe was getting that was police chief Matt Lennick of the Billings Police Department that was that was printed the day that Mr. Metcalfe was arrested there was media coverage because people are concerned there's a guy with their cross with school and they're like what can we do about it and the police chief said well right now we don't think there's anything we can do about it but we're gonna contact the feds to see what they can do about it correct your honor I didn't come out here to tell you it was normal behavior this was a and I mean I've gosh I met Mr. Metcalfe in a jail cell I've known him for two years now this is somebody who was getting harassed by by this this younger gentleman that person has been found guilty of a felony violation of protective order is a felon because of his conduct against Mr. Metcalfe Mr. Metcalfe got to into a situation where he kept calling the police they kept coming out they kept telling him get a video he tried to get a video now he's following cars he's staring at the school they're telling him you need to get us evidence if you want us to prosecute this guy it happened and I mean we went into detention hearings preliminary hearings and law enforcement came in and well you would have been forgiven if you thought that this gentleman didn't exist this is somebody who was pushed to a pretty extreme place and I understand the concern I understand why the 911 calls happen the media coverage the social media we live in a time where these things can get blown up and when we went to court on March 25th Judge Waters ruled on several motions brought by Mr. Godfrey he wasn't going to be allowed to talk about his interactions with law enforcement concerning his mental state he wasn't going to be allowed to talk about the fact that he thought he had a valid license those are things that were ruled upon the morning before trial and that's how we wound up pleading guilty and reserving this issue so your honor when you talk about the rehab and whether whether that's been preserved I I do think it looms large over this case and if the court cannot find that the license protected him under the gun free school zones act I would ask it to consider it in his Second Amendment argument that is part of part of the analysis here this is somebody who looking at those laws would have no reason to think that by stepping onto the sidewalk he was creating he was committing a federal criminal offense when he wasn't standing two feet in front of it and I mean we get into issues with that your honor about I mean gosh how is the sidewalk owned does he own it does the city have an easement how much of that is in his head I mean this came out in a DOJ press release this theory that was the first time I heard this theory that stepping onto the sidewalk brings you into a school zone I don't I don't know there's any way mr. Metcalf could have had that in his head and judge van Dyck I think when we're talking about the language of that exception well first of all that the mental state in this is new or should have known he was in a school zone and if we look at the excerpts I believe it starts at 22 where judge waters begins ruling on those on mr. Godfrey's motions when he when he pleads guilty she tells him it doesn't matter that you knew it was a school zone and he agrees with that so that that is in the record as well but the way that this statute this exception was worded judge van Dyck they didn't define verify that's why judge waters and we gave judge waters and mr. Godfrey a lot to think about this time but if so you know you got as I was mentioning to your colleague on the other side it seems there's three things there's the time element before that they're relying on the verify which as I understand that they're reading verify as confirm which I think is probably maybe the best reading but you have this whole issue of of in the criminal context do you go with the best reading or is there some real entity constitutional avoidance issue and but then there's the law enforcement authorities verify and before it seemed you know before if you think verify can mean assert and if it's if you can allow the legislature to assert then the legislature obviously asserted this before he had the license in the sense of so I don't see that very very challenging that the charter part is is if if the legislature is counts as a law enforcement authority which is super not intuitive and then I think law enforcement authorities have to have investigative this defined as having investigative abilities and I think the legacy as you both probably know Chris you're in Montana there's currently a fight between the legislature and the Montana Supreme Court about and and the legislature has said that it has investigative authority and so I don't so why would we interpret the legislature as being a law enforcement authority that has asserted slash verified before well I think your honor under I think the governor signed it what's that the governor signed it right but but so the legislature enacted as a law enforcement authority your position is the legislature counts as a law enforcement authority no your honor I mean the legislature passed that the governor signed it into law I think that would be your verification I think that's possible one possible reading and but the legislature and the governor are a law enforcement authority it's a tough fact for us what's that that's a tough fact for us you know I mean I can't stand here and tell you that Montana this law is what it is they they saw the gun free schools on that Montana didn't want it they passed this law I'm not gonna stand here and tell you that it checks every box on that on the exemption it doesn't I mean we got a we got to get into wordplay to try to get there we but I mean the way that this statute is worded made Judge Waters have to go back to the dictionary for verification and all these things and we still don't know a qualified under law what qualified under law means that's the standard that they have to verify and what Montana did was look at this and said qualified under law anybody who's not qualified under law anybody who's had that right taken can't get that license and we want to give that license to everybody that's that's what happened here your honor I'm not going to try to paint that as something other than what it is but I do believe that it plays significantly into the broader picture of whether mr. Metcalfe ever could have known he was breaking a law thank you all right thank you counsel thanks to both of you for your briefing argument in this complicated and interesting case this matter is submitted
judges: SCHROEDER, OWENS, VANDYKE